IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL GRIGGS**<br>    **Plaintiff,**<br>        v.<br>**SEPTA, et al.,**<br>    **Defendants.** | **CIVIL ACTION**<br><br>**NO.   14-6226** |

**MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS**

**Baylson, J.**                                                                                                      **July 21, 2015**

**I.     Introduction**

Plaintiff Crystal Griggs alleges claims of race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. § 1983, against Defendants Southeastern Pennsylvania Transportation Authority ("SEPTA") and Luther Diggs, who are, respectively, her current employer and another SEPTA employee. Defendants move for partial dismissal under Rule 12(b)(6), arguing that Plaintiff failed to administratively exhaust her failure to promote claims that arose after she filed dual complaints with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") in January 2012 and October 2012.  For the following reasons, Defendants' Motion is DENIED.

## II.     Facts[1]

In January 2012, Plaintiff dual-filed a complaint with the PHRC and EEOC alleging that SEPTA failed to promote her to the position of Director of Transportation in December of 2011 due to race and gender discrimination.  ECF 1 ¶¶ 5, 34, 42.  Plaintiff further alleged in her charge that she was denied this promotion in retaliation for a previous complaint of discrimination filed with the PHRC and EEOC on June 9, 2004.  ECF 1 ¶ 39; ECF 3 Ex. B, at 4.

On May 10, 2012, Plaintiff dual-filed a second complaint after she was denied a promotion to the position of Director, Service Operations-CCT.  ECF 3 Ex. C, at 3.  In October 2012, Plaintiff handwrote a letter to the PHRC alleging that SEPTA failed to promote her to the position of Director, Customer Development and Research, and asking the agency to "add another charge of discrimination to [her] case."  ECF 8, Ex. C.  In January of 2013, Plaintiff formally amended her complaint to include SEPTA's alleged failure to promote her to the Director, Customer Development and Research position.  ECF 3 Ex. D, at 5.  Plaintiff has not filed any further administrative complaints against Defendants.

In June of 2014, the PHRC issued "Findings of the Investigation" from Plaintiff's second complaint.[2]  ECF 8, Ex. B.  In its findings, the PHRC addressed only SEPTA's failure to promote Plaintiff to Director, Service Operations CCT and Director, Customer

---

[1] Because Defendants only contest administrative exhaustion, not the sufficiency of Plaintiff's claims, the Court will only recount facts related to the exhaustion issue.

[2] Although Defendants claim that after filing their motion, they obtained 924 pages of documents from the PHRC relating to Plaintiff's complaints, they have not submitted any investigative findings or other documents regarding the resolution of Plaintiff's first complaint regarding the Director of Transportation position.  ECF 8, at 2 n.4.

Development and Research, which Plaintiff raised in her second complaint to the PHRC and her amendment. *Id.* at 2. Plaintiff further alleges in this action, however, that SEPTA denied her four additional promotions in February of 2013, September of 2013, November of 2013, and February of 2014 for "discriminatory and retaliatory" reasons (collectively, the "Post-Filing Claims"). ECF 1 ¶ 48. The PHRC's findings were silent as to the Post-Filing Claims. ECF 8, Ex. B. The EEOC issued right-to-sue letters as to both of her dual-filed complaints in August 2014, notifying her that the agency was adopting the findings of the PHRC investigations of both complaints. ECF 1 ¶ 5 & Ex. A.

### III.   The Parties' Contentions

Defendants move to dismiss Plaintiff's claims based on the four post-filing denials of promotion, arguing that Plaintiff has not administratively exhausted these claims with the PHRC and EEOC. Defendants further argue that, should the Court find Plaintiff did not exhaust the Post-Filing Claims, the statute of limitations to file administrative complaints as to these claims has passed. Plaintiff argues that the Post-Filing Claims fall within the scope of the investigation that could reasonably be expected to grow out of her complaints to the PHRC and EEOC.

### IV.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because submission of a complaint to the EEOC or relevant state agency and obtaining a right-to-sue letter are prerequisites to filing suit under Title VII, a complaint may be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). A court "may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation . . . either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one [for] summary judgment." *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001); *see Angstadt v. Midd-W. Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."); *Clarkson v. SEPTA*, No. 14-2510, 2014 WL 5483546 at *1, n. 1 (E.D. Pa. 2014) (Baylson, J.) (noting PHRC documents charging discrimination are documents integral to a Title VII complaint). Failure to exhaust administrative remedies is an affirmative defense, however, that "the defendant bears the burden of pleading and proving." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

**V.    Analysis**

Title VII and the PHRA require plaintiffs to file a charge of discrimination with the EEOC or PHRC, respectively, before bringing suit. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925–26 (3d Cir. 1997). The Third Circuit standard for determining if

discrimination claims have been administratively exhausted is whether they could "reasonably be expected to grow out of the [EEOC] charge of discrimination, including new acts occurring during the pendency of the administrative proceedings." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976) (internal citations omitted). The actual scope of the administrative investigation, however, is not the outer limit of the claims a plaintiff may bring in a subsequent civil complaint. *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 966 (3d Cir. 1978). Rather, a court must evaluate the reasonableness of administrative investigations on a case-by-case basis. *See Robinson v. Dalton*, 107 F.3d 1018, 1026 (3d Cir. 1997).

The Third Circuit held in *Waiters v. Parsons* that "suits based on new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint or the investigation growing out of that complaint" are permitted. 729 F.2d 233, 237 (3d Cir. 1984) (holding Title VII's exhaustion requirement did not bar plaintiff's retaliatory discharge claim where the EEOC had completed an investigation of a pattern of retaliatory acts by defendant prior to plaintiff's termination). Even though the "allegedly discriminatory officials and acts [were] different, the core grievance" in *Waiters*—"retaliation—[was] the same." *Id.* The court reasoned that it made little sense to require a plaintiff to file individual complaints for subsequent instances of discrimination and "re-start[] the 180-day waiting period" to file suit because the repeated discriminatory conduct indicates a "minimal likelihood" of reaching conciliation. *Id.* at 237. The Third Circuit later clarified, however, that *Waiters* does not impose a *per se* rule that any act of discrimination or retaliation that occurs during a pending EEOC investigation is within the scope of prior complaints. *Robinson*, 107 F.3d at 1024.

Defendants argue the United States Supreme Court's decision in *National R.R. Passenger Corp. v. Morgan* bars Plaintiff's post-filing claims. The plaintiff in *Morgan* had filed an EEOC complaint that included claims of racial harassment and wrongful discipline based in part on events that occurred more than 300 days before he filed the charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105–06 (2002). The Supreme Court held that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" are "separate actionable 'unlawful employment practice[s]'" whose 180-day or 300-day[3] limitations periods to file a complaint with the EEOC begin when they occur. *Id.* 109, 113–14. In contrast, hostile work environment claims are continuing violations that "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within" the limitations period." *Id.* at 122.

*Morgan* does not specifically address post-filing acts.[4] There is a split among Courts of Appeals about whether *Morgan* should be read broadly to require a plaintiff to file a separate charge when independently actionable acts occur during or after the conclusion of an administrative investigation. *Compare Martinez v. Potter*, 347 F.3d

---

[3] Title 42 U.S.C. § 2000e-5(e)(1) provides different limitations periods for states in which there is an entity empowered to "grant or seek relief with respect to the alleged unlawful practice" versus states in which there is no such entity. *Morgan*, 536 U.S. at 109.

[4] Although Defendant argues that the Supreme Court barred the plaintiff in *Morgan* from bringing a claim relating to his termination, which occurred four days after he filed his charge, the opinion's discussion of the plaintiff's termination is vague. In discussing the termination claim, the Court notes that Morgan was fired March 3, 1995, then explains "only those acts that occurred 300 days *before* February 27, 1995, the day that Morgan filed his charge, are actionable. . . . All *prior* discrete discriminatory acts are untimely filed and no longer actionable." In a footnote, the Court recounts the circumstances of the plaintiff's termination without comment on whether they are actionable, only stating that the "final alleged discriminatory act" in the plaintiff's complaint—a false accusation that he threatened his manager—"led to his termination." *Id.* at 114 & n.8.

1208, 1211 (10th Cir. 2003) (holding rule in *Morgan* is equally applicable to discrete acts occurring 300 days prior the EEOC filing and to discrete acts after the filing) *and E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 n.5 (11th Cir. 2002) (declining to decide the issue, but noting Title VII requires charge to be filed after unlawful practice occurs and "occurred" means it has happened in past) *with Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009) ("[*Morgan*] does not purport to address the extent to which an EEOC charge satisfies exhaustion requirements for claims of related, post-charge events."); *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 673 (8th Cir. 2006) ("While our court has narrowed its view of what subsequent acts are sufficiently related to be within the scope of the properly filed administrative charges, we have not wholly abandoned the theory that reasonably related subsequent acts may be considered exhausted."); *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (holding, without addressing *Morgan*, that claims filed after EEOC charge filed not barred "if [those claims] fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination" (quoting *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)).

    The Third Circuit has not weighed in on this issue in a precedential case. In a non-precedential opinion, however, the Third Circuit acknowledged that under *Waiters*, "a complainant need not file a new EEO complaint as to 'new acts that occur during the pendency of the case which are fairly within the scope of an [EEO] complaint or the investigation growing out of that complaint." *Green v. Postmaster Gen.*, 437 F. App'x 174, 178 (3d Cir. 2011). The court interpreted *Waiters* to require a new complaint when

7

"a discrete act . . . occur[s] after [the plaintiff] had received her right-to-sue letter from the EEO on her earlier claim."[5]  *Id.*  This Court has likewise held since *Morgan* was decided that discriminatory acts occurring after the conclusion of an EEOC investigation could not have "reasonably be[en] expected to grow out of" that investigation.  *Ryan v. Gen. Machine Prods.*, 277 F.Supp.2d 585, 594 (E.D. Pa. 2003) (Baylson, J.) (concluding plaintiff did not exhaust a failure to promote claim that occurred over one year after an EEOC charge was filed regarding four other denied promotions, and seven months after the EEOC notified the plaintiff of its findings, because it was not was not fairly within the scope of the investigation).

In view of the lack of guidance from the Third Circuit and the interpretation of the majority of Courts of Appeals that *Morgan* does not apply to post-filing acts, the Court concludes that *Waiters* and its progeny still govern "new acts that occur during the pendency" of the administrative investigation.  *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).  The investigation of Plaintiff's administrative complaints was still ongoing when the events underlying the Post-Filing Claims occurred.  The portions of the PHRC investigative file that Defendants have submitted do not show that the agency actually investigated the Post-Filing Claims.  ECF 3, Ex. A–D; ECF 8, Ex. A–B.  The Court must

---

[5] Defendants point to two Third Circuit cases that they argue hold "each failure to promote . . . must be separately administratively exhausted":  *O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006), and *McCann v. Astrue*, 293 Fed. App'x 848 (3d Cir. 2008).  ECF 3, at 5 n.4.  In *O'Connor*, the court held that *Morgan*'s statute of limitations rules applied to employment actions beyond those brought under Title VII, without considering any Title VII administrative exhaustion issues.  *O'Connor*, 440 F.3d at 127–28.  Although *McCann* dealt with Title VII exhaustion, it contained no discussion of post-charge claims.  The court in *McCann* determined that the plaintiff could only pursue claims relating to the final two in a series of "at least thirteen" denied promotions because "he failed to exhaust his administrative remedies with respect to the other *previous* instances of non-selection." McCann, 293 F. App'x at 850 (emphasis added).

also, however, "evaluate the reasonableness of the decision not to investigate" the Post-Filing Claims. *Robinson v. Dalton*, 107 F.3d 1018, 1026 (3d Cir. 1997). This determination may rely on a number of factors, including: 1) whether the claims share the same intent; 2) whether prior complaints were the basis for subsequent retaliation; 3) whether the administrative agency should have been on notice of the post-filing claims; and 4) whether the allegations sufficiently overlap such that the post-filing complaint "fairly falls within the scope of the earlier complaints." *Robinson v. Dalton*, 107 F.3d 1018, 1026 (3d Cir. 1997).

At this stage, based on the limited record before the Court, and construing all allegations in the Complaint in the light most favorable to Plaintiff, the Defendants have not met their burden to show that Plaintiff failed to exhaust her administrative remedies as to the Post-Filing Claims. Plaintiff's administrative complaints alleged three instances of failure to promote based on race discrimination and/or retaliation for her 2004 complaint to the PHRC and EEOC. ECF 3 Ex. B. Her Post-Filing Claims share the same discriminatory and retaliatory intent. Even though her Post-Filing Claims involved "different officials" who "are alleged to be responsible," as in *Waiters*, the "core grievance" is the same. *Waiters*, 729 F.2d at 238. Plaintiff also wrote in her second complaint that SEPTA has a history of failing to promote female African American employees. ECF 3 Ex. C–D. Construing Plaintiff's charge "liberally," and considering that Plaintiff made three allegations that SEPTA unlawfully failed to promote her in less than a year's time, the Court cannot conclude at this stage that the PHRC and EEOC's apparent decision not to inquire about other instances of discrimination or retaliation was reasonable. *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 965 (3d Cir. 1978). The Court

may consider these arguments at the summary judgment stage, however, if Defendants wish to renew them based on the administrative record in its entirety.[6]

## VI.     Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. An appropriate order follows.

O:\CIVIL 14\14-6226 griggs v. septa\14cv6226.Griggs v. SEPTA Mem of Law MTD.docx

---

[6] Because the Court does not find that the Post-Filing Claims were required to be exhausted separately from the claims that were the subject of Plaintiff's two administrative complaints, it need not reach Defendants' argument that the statute of limitations to exhaust the Post-Filing Claims has passed.