## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL GRIGGS**<br>**Plaintiff,** | **CIVIL ACTION**<br><br>**NO.  14-6226** |
| **SEPTA, et al.,**<br>**Defendants.** | |

## MEMORANDUM RE: MOTION IN LIMINE
## RE: PSYCHOLOGIST TESTIMONY

**Baylson, J.**                                                              **October 17, 2016**

### I.    Introduction

The facts of this employment discrimination action have been amply documented in prior opinions of this Court, see, e.g., Griggs v. SEPTA, No. CV 14-6226, 2016 WL 4055050 (E.D. Pa. July 28, 2016), so only the facts relevant to the resolution of the instant motion are set out below.  On August 25, 2016, Southeastern Pennsylvania Transportation Authority ("SEPTA") and former SEPTA employee Luther Diggs (together with SEPTA, "Defendants") file a Motion in Limine, seeking to preclude the testimony of Maria Rayias, Ph.D., plaintiff Crystal Griggs' ("Plaintiff's") treating psychologist, whom she intends to call at trial.  (Defendants' Motion in Limine ("Defs. Mot."), ECF 36).  Plaintiff filed an opposition to Defendants' Motion on September 9, 2016.  (Plaintiff's Opposition to Defendants' Motion in Limine ("Pl. Opp."), ECF 37).

Defendants argue that Plaintiff should be precluded from offering causation and prognosis testimony from Dr. Rayias because "Dr. Rayias is not offered as an expert witness," and "if a treating professional intends to testify to the cause of the plaintiff's alleged injuries, he or she must be qualified as an expert."  (Defs. Mot. at 3).

Plaintiff contends that her testimony should not be limited because "[t]reating physicians and mental health providers are generally excused from preparing a Rule 26 written report," and are permitted to "testify to the opinions formed during the course of caring for the patient." (Pl. Opp. at 2-3). Since "Plaintiff does not intend to offer testimony of Dr. Rayias outside the course of her treatment" – that is, beyond "her diagnosis of Plaintiff's conditions and the course of treatment she undertook in treating Plaintiff for these conditions"—Dr. Rayias' testimony should not be limited to the extent it bears on causation. (Id.).

On September 27, 2016, the Court held a recorded telephonic conference during which the parties clarified their respective positions. Specifically:

- Defendants contend that since Plaintiff did not submit an expert report regarding causation, Dr. Rayias' testimony may not include causation and must be limited to diagnosis; and

- Plaintiff explained that she does not intend to specifically ask Dr. Rayias to testify about causation. Rather, causation will only be offered to the extent it is relevant to Dr. Rayias' diagnosis and her recommended course of treatment.

On September 29, 2016, Defendants, with the Court's permission, submitted a letter pointing the Court to any precedential authority in the Third Circuit that addressed the key issue in dispute: whether Dr. Rayias—as a treating psychologist but not an expert witness—may offer causation testimony to the extent that it informs her diagnosis and course-of-treatment testimony.

For the reasons that follow, Defendants' Motion in Limine shall be granted in part and denied in part. Specifically, Dr. Rayias will be permitted to testify about causation only to the extent that her opinion regarding causation was acquired directly through her diagnosis and treatment of Plaintiff.

## II.    Discussion

Litigants who intend to have a witness provide expert testimony must disclose the

identity of the witness and, if the witness was "retained or specially employed to provide expert

testimony," must also provide a written expert report. Fed. R. Civ. P. 26(a)(2)(A)-(B).  While

treating physicians are generally exempted from the rule requiring an expert report when

testifying "based on their examination, diagnosis and treatment of a patient, they are still

required to comply with the disclosure requirement if they wish to offer testimony that is expert

in nature.  See McCann v. Miller, Fed. App'x 163 (3d Cir. 2012) (holding that notwithstanding

any uncertainty about the applicability of Rule 26(a)(2)(B) to treating physicians, the plaintiff

"had no justification for failing to disclose that he intended to have the treating physician offer

expert testimony.  Rule 26(a)(2)(A) unambiguously requires that disclosure.").  Since Plaintiff

neither disclosed the identity of Dr. Rayias by the Court's deadline of February 15, 2016 (see

ECF 14), nor submitted an expert report, Dr. Rayias may not offer testimony that is expert in

nature.

In the Third Circuit, a treating physician's testimony is considered expert testimony if it

is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Fed. R. Evid. 702; see Hadley v. Pfizer Inc., No. CIV.A 08-1440, 2009 WL 1597952, at *4 (E.D.

Pa. June 5, 2009). It is well settled that treating physicians who do not qualify as experts are still

permitted to offer testimony "based on their examination, diagnosis and treatment of a patient."

Mracek v. Bryn Mawr Hosp., 610 F. Supp. 2d 401, 406 (E.D. Pa. 2009), aff'd, 363 F. App'x 925

(3d Cir. 2010).  Less settled is whether and to what extent testimony regarding "examination,

diagnosis and treatment" can include so-called causation testimony. For sure, a party may not

"circumvent Rule 26's requirements by employing a physician who treated an injured party to

3

provide testimony extending beyond simply the care of the plaintiff to classic expert opinion regarding causation[.]" Lauria v. Nat'l R.R. Passenger Corp., No. CIV. A. 95-1561, 1997 WL 138906, at *2 (E.D. Pa. Mar. 24, 1997), aff'd, 145 F.3d 593 (3d Cir. 1998) (citations omitted). To test this, courts consider "whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the plaintiff." Id.

Most courts in this Circuit hold that causation testimony goes beyond the scope of what a treating physician learns in the course of his diagnosis and treatment because it is "presumably . . . based on scientific, technical, or other specialized knowledge within the ken of an expert." Damiani v. Momme, No. CIV.A. 11-2534, 2012 WL 1657920, at *4 (E.D. Pa. May 11, 2012); see Miller, Fed. App'x at 172 (affirming district court's decision to exclude causation and prognosis testimony from the plaintiff's treating physicians, but allow it "on their observations, information they received from their patients, the extent of their examination and their diagnosis."); Allen v. Parkland School Dist, 230 Fed. App'x (3d Cir. 2007) (holding district court did not abuse its discretion by prohibiting treating physician from offering "expert causation testimony based on facts that went beyond his treatment," and permitting him to testify regarding "his diagnosis of the Plaintiff . . . and [how] that diagnosis was reached at the time those reports were authored."); cf. Pease v. Lycoming Engines, No. 4:10-CV-00843, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012) (holding that "[a] treating physician is not necessarily retained or specially employed to provide expert testimony simply because he or she proffers on causation and prognosis" because, among other reasons, "doctors may need to determine the cause of an injury in order to treat it.") (internal citations omitted).

This is considered particularly true when the causal connection that is being drawn is not an "obvious" one. See Cabrera v. Ross Stores of Pennsylvania, LP, 646 Fed. App'x 209 (3d Cir.

2016) (affirming district court's exclusion of expert testimony and noting that "expert testimony was necessary to establish the causation element of [the plaintiff's] suit" because "the passage of time . . . meant that the case was not one in which there was an obvious causal relationship between the accident and her injury"). In Bushman v. Halm, 798 F.2d 651 (3d Cir. 1986), the Third Circuit specifically noted that an "obvious" causal relationship does not exist in the context of "conditions such a psychiatric illnesses[,] which cannot be said to be clearly related to the type of injury originally claimed to have been sustained." Unlike with mental illness, the Court continued, "there is no alleged injury or condition which would not logically flow from" a motor vehicle accident. Id.

In the present case, Plaintiff argues that she "does not intend to offer testimony of Dr. Rayias outside the course of her treatment of the Plaintiff, which would include the history she received from Plaintiff or any other person regarding the health issues presented by Plaintiff, her diagnosis of Plaintiff's conditions and the course of treatment she undertook in treating Plaintiff for these conditions." (Pl. Opp. at 3). As Plaintiff reiterated at the teleconference, she wishes to solicit causation testimony from Dr. Rayias only to the extent that it bears on her diagnosis and treatment of Plaintiff's condition.

Dr. Rayias is a psychologist, not a physician and not a psychiatrist, and her testimony will relate to Plaintiff's mental health. There are few case precedents for psychologists giving testimony relating to a plaintiff's mental condition, and allowing it. In Cacciavillano v. Ruscello, Inc., 1996 WL 612825, at *2 (E.D. Pa. 1996), the plaintiff had specified a psychotherapist as a testifying expert, which the court approved. Similarly, in Ferris v. Pennsylvania Fed'n Bhd. Of Maint. of Way Employees, 153 F. Supp. 2d 736, 741-42 (E.D. Pa. 2001), the Court allowed a psychologist to testify to her psychological diagnosis, but it appears in this case also that the

plaintiff had presented an expert report prepared by the psychologist. In this case, as noted above, Plaintiff has not presented an expert report concerning Dr. Rayias, and disclaims any intention of offering an expert opinion on causation. Nonetheless, Dr. Rayias has acquired knowledge regarding factors which led to Plaintiff's condition, directly through her treatment of Plaintiff and she will be entitled to testify to those factors notwithstanding her ineligibility to offer an expert opinion regarding causation.

## III. Conclusion

For the reasons outlined above, we preclude Dr. Rayias from offering expert causation testimony, but not from offering testimony learned directly through her diagnosis and treatment of Plaintiff. The Court acknowledges that it cannot, at this point, conclusively determine whether Dr. Rayias' testimony will cross this somewhat hazy line. To the extent necessary, the Court will determine whether Dr. Rayias is impermissibly offering expert causation testimony at the time of trial.

O:\Jessica.2016\14-cv-6226 Griggs v. SEPTA\Memo Re Motion in Limine on Pyschologist.docx

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CRYSTAL GRIGGS**<br>    **Plaintiff,**<br><br>**SEPTA, et al.,**<br>    **Defendants.** | **CIVIL ACTION**<br><br>**NO.  14-6226** |

## ORDER

        **AND NOW** this <u>17th</u> day of October, 2016, for the reasons stated in the foregoing

memorandum, the Motion in Limine to Preclude testimony of Dr. Rayias (ECF 36) is

**GRANTED** in part and **DENIED** in part.

                        BY THE COURT:


                        /s/ Michael M. Baylson
                        _____
                        MICHAEL M. BAYLSON
                        United States District Court Judge

O:\CIVIL 14\14-6226 griggs v. septa\15cv6226 Order on MIL psychologist.docx